(No. 847—Claimant awarded $1790.93.)

PAULINE DOHN RUDOLPH, EXECUTRIX OF THE ESTATE OF FRANKLIN RUDOLPH, Deceased, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed April 16, 1925.*

INHERITANCE TAX—*when claimant entitled to refund.* Where an inheritance tax has been assessed and paid under protest, and upon appeal and hearing thereon, and the tax is re-assessed and a lesser amount is found to be due the State, claimant is entitled to a refund of the difference between the amount of the tax paid under the original order of the court and the amount found to be due upon appeal.

MILLER, GORHAM, WALES & NOXON, for claimant.

EDWARD J. BRUNDAGE, Attorney General; GEORGE C. DIXON, Assistant Attorney General, for respondent.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

The claimant, Pauline Dohn Rudolph, is executrix of the last will and testament of Franklin Rudolph, late of Cook County, deceased. On June 27, 1923, an order was entered by the county judge of said county fixing the total tax due the State from said estate at the sum of $51,981.73, less 5% statutory deduction—$2599.08—or a net total of $39,724.62. Claimant thereupon appealed from said order of the county judge of the county court, from the order appraising the taxable share of claimant individually at said sum.

On June 28, 1923, claimant, under protest, paid the said net sum, being the total tax assessed against all the legatees. The Union Trust Company also appealed from an order assessing a tax of $10,032.98 against the interest of the Union Trust Company as trustee for the will of Franklin Rudolph, deceased, to-wit: Pauline Dohn Rudolph, Frank Dohn Rudolph and Charles Dohn Rudolph, under certain trusts exe-

cuted by decedent in his lifetime, which the State of Illinois claimed were gifts in contemplation of death, etc. These appeals were perfected July 17, 1923, and heard in court July 29, 1924; and thereupon the court entered an order re-appraising the total tax due the State at $39,930.21, minus 5% discount of $1996.51, or a net tax of $37,933.70, showing that claimant had thus overpaid tax to the amount of $1790.93, and the judge entered an order that she was entitled to a refund of said sum.

The Attorney General, after examining the evidence submitted by claimant, says that she was entitled to the amount claimed as refund. The court finds that the evidence on file supports claimant's declaration and claim, and accordingly mitted by claimant, says that she was entitled to the amount awards claimant the sum of $1,790.93.